United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50387
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CONDE-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1996-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Conde-Sanchez (Conde) appeals the 41-month sentence he received for attempted illegal reentry under 8 U.S.C. § 1326. First he asserts that his sentence at the bottom of the guidelines range was unreasonable because the district court failed to properly weigh several of the factors under 18 U.S.C. § 3553(a). He claims that the sentence does not reflect the seriousness of his offense, that it fails to take into consideration the sentencing disparities created because the Western District of Texas does not have an early disposition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

program, and that his history and characteristics support a more lenient sentence.

When the district court imposes a sentence within the guidelines range, we infer that the court has considered all the factors for a fair sentence and "give great deference to that sentence." United States v. Mares, 402 F.3d 511, 519-20 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Conde has failed to establish the rare circumstances where a district court's decision to impose a guidelines sentence is not entitled deference. See id.

Next Conde challenges the constitutionality of § 1326(b)'s treatment of prior aggravated felony convictions as sentencing factors rather than elements of a separate offense. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Conde asserts that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we repeatedly have rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

The judgment of the district court is AFFIRMED.